108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In Re Abraham SOKOL, Debtor.
STATE of NEW YORK, Plaintiff-Appellee,
v.
Abraham SOKOL, Defendant-Appellant.
 No. 96-5082.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Abraham Sokol, Pro se, Scarsdale, N.Y., for Appellant.
 Elizabeth T. Bogren, Special Assistant Attorney General, State of New York, New York, N.Y., for Appellee.
 Present: CARDAMONE and LEVAL, Circuit Judges, and WARD,* District Judge.
 Harold BAER, Jr., J.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Abraham Sokol appeals from the district court's denial of Sokol's motions (1) to set aside a judgment under Fed.R.Civ.P. 60(b) and (2) for recusal of the trial judge for bias. The district court's denial of Sokol's motions was not an abuse of discretion. See Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991); United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992).
 
 
 4
 Sokol's rule 60(b) motion was properly denied. Sokol's claim that rule 60(b)(1) applies because the Attorney General made a material misrepresentation of fact to the court below rests on Sokol's mistaken understanding of larceny and double jeopardy. Sokol's claim for relief under rule 60(b)(2) relies on the "newly discovered evidence" of a state court order of restitution, which has been part of the public record for over four years. See New York v. Sokol, No. 14860-92 (N.Y.Sup.Ct. Aug. 21, 1992). Sokol has failed to present any credible evidence to support his theory, under Rule 60(b)(3), that the district court's law clerk worked in collusion with the State's attorney. Finally, Sokol has no evidence of judicial bias that would support setting aside the judgment under rule 60(b)(6). Sokol infers bias solely from the fact that the court denied his motions. Those decisions did not exhibit bias; nor were they erroneous.
 
 
 5
 The denial of Sokol's motion to recuse the district judge on the grounds of judicial bias is also affirmed. The district court was correct in denying it both because it was not timely, see Apple v. Jewish Hospital and Medical Center, 829 F.2d 326, 333 (2d Cir.1987), and because no bias was shown.
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation